UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LAWRENCE SOWERS, )<br>)<br>Movant, )<br>vs. )<br>)<br>UNITED STATES OF AMERICA. ) | 1:10-cv-1546-LJM-DML |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion for relief pursuant to 28 U.S.C. § 2255 of Lawrence Sowers must be **denied** and the action dismissed without prejudice. In addition, the court must decline to issue a certificate of appealability.

**I.**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). The motion of Lawrence Sowers for relief pursuant to 28 U.S.C. § 2255 fails this test and the action must therefore be dismissed. This conclusion rests on the following facts and circumstances:

1. On January 18, 2008, Sowers pled guilty to being a felon in possession of a firearm.

2. Sowers then filed an action for relief pursuant to 28 U.S.C. § 2255. The § 2255 action was docketed as No. 1:08-cv-1716-LJM-JMS and was dismissed with prejudice on December 7, 2009. This court declined to issue a certificate of appealability and the appeal was dismissed for lack of jurisdiction because the notice of appeal was not timely filed.

3. Sowers has now filed another motion for relief pursuant to § 2255. He asserts claims which he contends were or could have been presented in the first § 2255 action.

4. The disposition in No. 1:08-cv-1716-LJM-JMS was based on the determination that Sower's § 2255 claims lacked merit. As concluded in the Entry discussing those claims, "[T]he records and file in this action show conclusively that Sowers is not entitled to the relief he seeks." Accordingly, that disposition was "on the merits" for the purpose of triggering the requirements of 28 U.S.C. § 2244(b).

5. When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

6. With the prior § 2255 motion having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be summarily dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue. The movant's request to proceed *in forma pauperis* (dkt 2) is **denied** as unnecessary because there is no filing fee to bring in an action pursuant to 28 U.S.C. § 2255.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Sowers has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/27/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana